# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NAJAT ELSAYED, | § | |
|     *Plaintiff*, | § | |
| | § | Civ. Action No. 4:11-CV-03636 |
| v. | § | |
| | § | |
| THE UNIVERSITY OF HOUSTON, | § | |
|     *Defendant*. | § | |
| | § | |

---

## DEFENDANT'S PARTIAL MOTION TO DISMISS
---

| | |
|---|---|
| GREG ABBOTT | DARREN G. GIBSON |
| Attorney General of Texas | Attorney-In-Charge |
| | Texas Bar No. 24068846 |
| DANIEL T. HODGE | Southern District No. 1041236 |
| First Assistant Attorney General | Assistant Attorney General |
| | Office of the Attorney General |
| DAVID C. MATTAX | General Litigation Division -019 |
| Deputy Attorney General for Defense | P.O. Box 12548, Capitol Station |
| Litigation | Austin, Texas 78711-2548 |
| | (512) 463-2120 |
| ROBERT B. O'KEEFE | (512) 320-0667 FAX |
| Chief, General Litigation Division | |
| | ***ATTORNEYS FOR DEFENDANT*** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................................... i
TABLE OF AUTHORITIES ................................................................................................. ii
I.  NATURE AND STAGE OF PROCEEDINGS ................................................... 1
II. ALLEGED FACTS ............................................................................................... 1
III. STATEMENT OF THE ISSUES .......................................................................... 3
IV. SUMMARY OF THE ARGUMENT ................................................................... 4
V.  ARGUMENT ......................................................................................................... 4
   A. Plaintiff Failed To Exhaust Her Administrative Remedies On Her Title VII Religious Discrimination Claim ............................................................................ 4
   B. Plaintiff Has Failed To State An FMLA Interference Claim. ............................ 7
   C. Plaintiff Cannot Recover Punitive Damages. .................................................... 9
VI. CONCLUSION .................................................................................................... 10
CERTIFICATE OF SERVICE ............................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**

*ABC Arbitrage Pls. Group v. Tchuruk*,
  291 F.3d 336 (5th Cir. 2002) ...............................................................................................4

*Bates v. Univ. of Tex. Medical Branch*,
  425 F.Supp. 2d 826 (S.D. Tex. 2003) ...................................................................................9

*Bell v. Dallas County*,
  No. 3:08-CV-1834-K, 2011 WL 3874904 (N.D. Tex. Aug. 30, 2011) .......................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................4

*Benton v. U.S.*,
  960 F.2d 19 (5th Cir. 1992) ....................................................................................................3

*Bosier v. Gila Group & Mun. Services Bureau*,
  No. A-07-CA-888 LY, 2008 WL 4279928 (W.D. Tex. Sep. 12, 2008) ..................................2, 3

*Cargo v. Kansas City Southern*,
  Civ. A. No. 05-2010, 2009 WL 3010839 (W.D. La. Sept. 16, 2009) .........................................6

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ..................................................................................................2

*Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc.*,
  698 F.Supp. 2d 730 (S.D. Tex. 2010) ......................................................................................6

*Crawford v. Harris County Juvenile Probation Dept.*,
  31 Fed. Appx. 159, 2001 WL 1751457 (5th Cir. Dec. 26, 2001) ..............................................5

*Daugherty v. Wabash Ctr., Inc.*,
  577 F.3d 747 (7th Cir. 2009) ..................................................................................................8

*E.E.O.C. v. Miss. College*,
  626 F.2d 477 (5th Cir. 1980) ..............................................................................................6, 7

*Harville v. Texas A & M Univ.*,
  Civ. A. No. H-10-1656, 2011 WL 2295279 (S.D. Tex. June 8, 2011) ...................................4, 8

*Hughes v. Tobacco Inst., Inc.*,
   278 F.3d 417 (5th Cir. 2001) ..................................................................................................3, 4

*Kane Enters. v. MacGregor (USA) Inc.,*,
   322 F.3d 371 (5th Cir. 2003) .........................................................................................................2

*Manning v. Chevron Chemical Co., LLC*,
   332 F.3d 874 (5th Cir. 2003) ................................................................................................4, 6, 7

*Miller v. Southwestern Bell Telephone Co,*,
   51 Fed. Appx. 928, 2002 WL 31415083 (5th Cir. Oct. 7, 2002) ..................................................5

*National R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002)......................................................................................................................5

*Nazir v. Wal-Mart Stores,*,
   Civ. A. No. H-09-2902, 2009 WL 3735937 (S.D. Tex. Nov. 4, 2009) ........................................5

*Oby v. Baton Rouge Marriott*,
   329 F.Supp. 2d 772 (M.D. La. 2004) ............................................................................................9

*Oden v. Oktibbeha County, Miss.*,
   246 F.3d 458 (5th Cir. 2001) ........................................................................................................9

*St. Paul Mercury Ins. Co. v. Williamson*,
   224 F.3d 425 (5th Cir. 2000) ........................................................................................................3

*Sterling v. City of New Roads*,
   Civ. A. No. 08-424-JJB, 2010 WL 55333 (M.D. La. Jan. 6, 2010)..............................................8

*Sturza v. Loadmaster Engineering, Inc.*,
   Civ. A. No. H-07-2500, 2008 WL 1967102 (S.D. Tex. May 1, 2008) .........................................9

*Taylor v. Books A Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002) ........................................................................................................5

**STATUTES**

29 C.F.R. § 1601.12(b) .......................................................................................................................6

29 C.F.R. § 1626.8(c)..........................................................................................................................6

29 U.S.C. § 2612(a)(1)(D) ..................................................................................................................8

29 U.S.C. § 2614(a) ............................................................................................................8

29 U.S.C. § 2615(a) .........................................................................................................8, 9

29 U.S.C. § 2617(a)(1)(A)(I-iii)........................................................................................4, 9

42 U.S.C. § 1981a(b)(1)...................................................................................................4, 9

42 U.S.C. § 2000e-2(a)(1).....................................................................................................4

42 U.S.C. § 2000e-5(e)(1).................................................................................................5, 7

TO THE HONORABLE LEE H. ROSENTHAL:

Defendant The University of Houston ("UofH"), by and through its undersigned attorney, files this Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, respectfully show the Court as follows:

## I. NATURE AND STAGE OF PROCEEDINGS

This is an employment discrimination case arising out of the termination of Plaintiff's employment as a financial aid officer at UofH. [Dkt. # 1, Compl. ¶¶ 10, 39.] In her complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination on the basis of for sex (pregnancy) and religion and retaliation. [Compl. ¶¶ 40-44, 48-52.] Plaintiff also asserts claims for interference with her rights and retaliation under the Family Medical Leave Act ("FMLA"). [*Id.* ¶¶ 45-52.] By this motion, UofH moves to dismiss Plaintiff's religious discrimination claim under Title VII and her FMLA interference claim, as well as her claim for punitive damages.[1]

This motion is UofH's first responsive pleading. The initial scheduling conference is set for February 24, 2012, at 8:45 AM. [Dkt. # 2.]

## II. ALLEGED FACTS

Plaintiff began working at UofH as a financial aid officer in October 2007. [Compl. ¶ 10.][2] In May 2009, Plaintiff informed her then-supervisor, Janette Carson, that she was pregnant. [*Id.* ¶ 15.] Soon thereafter, Ms. Carson left UofH, and Plaintiff applied for the open position of Assistant Director of Customer Service. [*Id.* ¶ 20.] Plaintiff was not selected; instead, Melanie Morgan was

---

[1] At this time, UofH is not seeking dismissal of Plaintiff's claims for sex discrimination and retaliation under Title VII or her retaliation claim under the FMLA.

[2] The factual summary contained in this motion to dismiss is gleaned from Plaintiff's original complaint. UofH makes no admission that these alleged facts are true, and UofH reserves the right to challenge these facts through

*Defendant's Partial Motion to Dismiss*    1

chosen, becoming Plaintiff's new supervisor. [*Id.* ¶¶ 20-21.] Plaintiff went on FMLA maternity leave beginning December 15, 2009. [*Id.* ¶¶ 24, 46.]

While Plaintiff was on maternity leave, Izzy Anderson, who was Ms. Morgan's supervisor, allegedly called Plaintiff and "threatened that if [Plaintiff] did not return to work early from leave [Plaintiff] would not have any opportunities in Anderson's unit and that [Plaintiff] would have to seek advancement opportunities in other units." [*Id.* ¶ 27.] Upon returning from maternity leave, Plaintiff alleges that management reacted negatively to her taking breaks to pump breast milk. [*Id.* ¶ 29.] In addition, Plaintiff alleges that a co-worker made a discriminatory remark about Arabs and Muslims in her presence. [*Id.* ¶ 37.]

Plaintiff allegedly "made complaints to management and human resources about the maltreatment." [*Id.* ¶ 31.] Following these complaints, Plaintiff was purportedly singled out for disciplinary action and her interactions with management "grew more intense, rude and insulting." [*Id.* ¶ 35.] Plaintiff was first suspended without pay and ultimately terminated on June 4, 2010. [*Id.* ¶¶ 38-39.]

Plaintiff filed her original Charge of Discrimination with the EEOC on June 16, 2010. [*Id.* ¶ 8.] In her original charge, Plaintiff alleged that she had been subject to discrimination on the basis of sex (pregnancy) and retaliation when she was terminated "after [she] notified [UofH's human resources department] of harassment and hostile work environment."[3] Plaintiff relied on her

---

discovery.

[3] Exh. 1, Charge of Discrimination No. 460-2010-03043, dated June 16, 2010. The Charge of Discrimination and Amended Charge are incorporated by reference in paragraph 8 of the Original Complaint. When ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the contents of the pleadings, as well as documents either attached to or incorporated by reference into the complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (district court may consider documents attached to a motion to dismiss referred to in the plaintiff's complaint that are central to the plaintiff's claim); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("the court may review the documents attached to the motion to dismiss, e.g., the contracts in issue here, where the complaint refers to the documents and they are central to the claim."); *Bosier v. Gila Group &*

termination as the adverse employment action, and alleged no discriminatory or retaliatory conduct prior to June 3, 2010.[4] On April 12, 2011 (some ten months later), Plaintiff filed an Amended Charge of Discrimination.[5] In her Amended Charge, Plaintiff asserted for the first time that, in addition to discrimination on the basis of sex (pregnancy) and retaliation, she had also been subject to discrimination on the basis of her religion (Islam).[6] Plaintiff received her right-to-sue letter on July 18, 2011 and subsequently filed this lawsuit on October 12, 2011. [*Id.* ¶ 9.]

In this action, Plaintiff asserts claims under Title VII for discrimination on the basis of for sex (pregnancy) and religion (Muslim), as well as retaliation. [*Id.* ¶¶ 40-44, 48-52.] Plaintiff also asserts claims for interference with her rights to pregnancy leave and retaliation under the FMLA. [*Id.* ¶¶ 45-52.] Plaintiff seeks economic and compensatory damages, attorney's fees, costs, and pre- and post-judgment interest, as well as punitive damages and injunctive relief. [*Id.* p. 10.]

### III. STATEMENT OF THE ISSUES

UofH moves for dismissal of Plaintiff's Title VII claim for religious discrimination and her FMLA interference claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A claim is subject to dismissal under Rule 12(b)(6) if "it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief." *See Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). Thus, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)). While the Court must accept the specific

---

*Mun. Services Bureau*, No. A-07-CA-888 LY, 2008 WL 4279928, at *3 n.2 (W.D. Tex. Sep. 12, 2008) ("matters that are attached to a motion to dismiss may be considered if they are 'central to' the plaintiff's claim.").

[4] Exh. 1, Charge of Discrimination No. 460-2010-03043, dated June 16, 2010.

[5] Exh. 2, Amended Charge of Discrimination No. 460-2010-03043, dated April 12, 2011.

factual allegations in the pleadings as true when deciding a motion to dismiss, *Hughes*, 278 F.3d at 420, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6)." *ABC Arbitrage Pls. Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002).

## IV. SUMMARY OF THE ARGUMENT

UofH moves to dismiss certain of Plaintiff's claims on three grounds. First, Plaintiff failed to exhaust her administrative remedies on her Title VII religious discrimination claim. That claim was not included in her original charge of discrimination, and her untimely amended charge did not relate back to her original filing. *See Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 878 (5th Cir. 2003). Second, Plaintiff has failed to state a claim for interference with her rights under the FMLA, as it is clear that she took her FMLA leave related to her pregnancy, and there are no allegations that she was denied that leave or was not reinstated into her position upon her return from leave. *See Harville v. Texas A & M Univ.*, Civ. A. No. H-10-1656, 2011 WL 2295279, at *7 (S.D. Tex. June 8, 2011). Third, neither Title VII nor the FMLA authorize punitive damages as a form of relief, barring Plaintiff's claim for such damages. *See* 42 U.S.C. § 1981a(b)(1); 29 U.S.C. § 2617(a)(1)(A)(I-iii).

## V. ARGUMENT

A. <u>Plaintiff Failed To Exhaust Her Administrative Remedies On Her Title VII Religious Discrimination Claim.</u>

Title VII prohibits employers from discriminating against employees on the basis of, among other things, sex and religion. 42 U.S.C. § 2000e-2(a)(1). Title VII also establishes administrative procedures through which aggrieved parties must seek relief from unlawful

---

[6] Exh. 2, Amended Charge of Discrimination No. 460-2010-03043, dated April 12, 2011.

discrimination. "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a *timely* charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (emphasis added). To be timely, a claimant must file a charge within 300 days of the allegedly discriminatory employment practice. 42 U.S.C. § 2000e-5(e)(1). "Each discriminatory act starts a new clock for filing charges alleging that act," such that the charge "must be filed within the [] 300 day time period after the discrete discriminatory act." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

However, merely receiving a right-to-sue does not ensure that a plaintiff has exhausted her administrative remedies on all potential claims under Title VII. Administrative exhaustion requires claimants to identify the alleged misconduct and "to fill in the appropriate corresponding boxes when filing their claim for unlawful employment action." *See Miller v. Southwestern Bell Telephone Co.*, 51 Fed. Appx. 928, 2002 WL 31415083, at *6 (5th Cir. Oct. 7, 2002). However, where a claimant fails to identify the particular alleged discrimination for which she later seeks relief, the claimant will be barred from pursuing a related Title VII claim for failure to exhaust administrative remedies. *See id.* at *8 (affirming summary judgment on Title VII retaliation claim for failure to allege retaliation in charge); *Crawford v. Harris County Juvenile Probation Dept.*, 31 Fed. Appx. 159, 2001 WL 1751457, at *3 (5th Cir. Dec. 26, 2001) (affirming summary judgment on ADA claims where plaintiff failed to identify disability discrimination in charge); *Nazir v. Wal-Mart Stores*, Civ. A. No. H-09-2902, 2009 WL 3735937, at *4 (S.D. Tex. Nov. 4, 2009) (dismissing Title VII claims where claimant did not identify national origin discrimination in charge).

Furthermore, EEOC regulations allow a claimant to amend a charge of discrimination to "cure technical defects or omissions" or to "clarify and amplify" the initial allegations. 29 C.F.R. § 1601.12(b). But "amendments that raise a new legal theory do not 'relate back' to an original charge of discrimination." *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 878 (5th Cir. 2003). There is "one very narrow exception to this general rule" – "an amendment, even one that alleges a new theory of recovery, can relate back to the date of the original charge when the facts supporting both the amendment and the original charge are essentially the same." *Id.* at 879; *see also* 29 C.F.R. § 1626.8(c). Thus, "the question is whether the employee already included sufficient facts in his original complaint to put the employer on notice that the employee might have additional allegations of discrimination." *Id.*

As a result, the Fifth Circuit and district courts in this circuit have repeatedly held that an untimely amendment asserting a new theory of alleged discrimination does not relate back to the original charge where a claimant failed to allege facts in the original charge to put the employer on notice that the employee might later raise the new legal theory. *See Manning*, 332 F.3d at 879 (holding that employee's amended charge alleging disability discrimination did not relate back to original charge alleging race, gender, and retaliation claims); *E.E.O.C. v. Miss. College*, 626 F.2d 477, 483-84 (5th Cir. 1980) ("Because [plaintiff's] allegations of racial discrimination do not relate to or grow out of the allegations of sex discrimination advanced in the original charge, that aspect of the amended charge does not relate back to the time of filing of her original charge."); *Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc.*, 698 F.Supp. 2d 730, 744 (S.D. Tex. 2010) (dismissing disparate impact claim that was raised in an untimely amendment, when original charge only included disparate treatment claim); *Cargo v. Kansas City Southern*, 2009 Civ. A. No. 05-2010, WL 3010839, at *3-*4 (W.D. La. Sept. 16, 2009) (holding that plaintiff

failed to exhaust with regard to sex discrimination claim in amendment, where original charge only asserted race and color discrimination and retaliation).

Here, Plaintiff filed her original charge on June 16, 2010 and included claims for sex discrimination and retaliation based on her recent termination.[7] The factual summary in the original charge alleges Plaintiff was terminated shortly after she reported alleged harassment related to her pregnancy to the UofH Human Resources Department.[8] However, there is nothing in the original charge suggesting that Plaintiff was alleging religious discrimination or that such an allegation could be forthcoming in the future.

Rather, the first indication that Plaintiff was making any claim of religious discrimination came when she filed her amended charge on April 12, 2011, which was 312 days after Plaintiff was terminated.[9] However, this amendment, which raised an entirely new legal theory of discrimination, was untimely because it was past the 300-day limitations period and did not relate back to the original charge. *See* 42 U.S.C. § 2000e-5(e)(1); *Manning*, 332 F.3d at 879; *Miss. College*, 626 F.2d at 483-84. As a result, Plaintiff's claim for religious discrimination should be dismissed for failure to exhaust her administrative remedies.

B.  Plaintiff Has Failed To State An FMLA Interference Claim.

Plaintiff asserts two claims under the FMLA, one for interference with FMLA benefits and a second for retaliation under the FMLA. [Compl. ¶¶ 45-47, 50.] This motion addresses only the FMLA interference claim.

---

[7] Exh. 1, Charge of Discrimination No. 460-2010-03043, dated June 16, 2010. UofH does not argue in this motion that Plaintiff's claims for sex discrimination and retaliation related to her termination, which were included in her original charge, were untimely.

[8] Exh. 1, Charge of Discrimination No. 460-2010-03043, dated June 16, 2010.

[9] Exh. 2, Amended Charge of Discrimination No. 460-2010-03043, dated April 12, 2011.

The FMLA allows eligible employees 12 weeks of unpaid leave each year for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Upon returning from leave, the employee is entitled to be reinstated to the same or an equivalent position. 29 U.S.C. § 2614(a). Furthermore, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a). Here, Plaintiff conclusorily asserts that UofH violated Section 2615(a) by "interfering with, restraining, and/or denying her the exercise of or the attempt to exercise her rights under the FMLA." [Compl. ¶ 46.]

To present an interference claim, the plaintiff must allege, among other things, that "the defendant denied [her] benefits to which [she] was entitled under the FMLA." *Bell v. Dallas County*, No. 3:08-CV-1834-K, 2011 WL 3874904, at *3 (N.D. Tex. Aug. 30, 2011); *see also Sterling v. City of New Roads*, Civ. A. No. 08-424-JJB, 2010 WL 55333, at *3 (M.D. La. Jan. 6, 2010) (citing *Daugherty v. Wabash Ctr., Inc.*, 577 F.3d 747, 750 (7th Cir. 2009)). Where the plaintiff fails to allege that the employer denied her any FMLA benefits to which he was entitled, she has failed to allege an FMLA interference claim. *See Bell*, 2011 WL 3874904 at *4; *Harville v. Texas A & M Univ.*, Civ. A. No. H-10-1656, 2011 WL 2295279, at *7 (S.D. Tex. June 8, 2011) ("the plaintiff's FMLA interference claim also fails because she cannot demonstrate that the defendants denied her FMLA leave or benefits.").

Here, Plaintiff does not allege (1) that she was precluded from taking her full FMLA leave for her pregnancy, (2) that she was terminated while she was on leave, or (3) that she was not reinstated into her position upon her return. Rather, it is clear that Plaintiff requested and took FMLA leave during her pregnancy and that she was reinstated upon her return. [Compl. ¶¶ 24, 29.] In short, Plaintiff has not alleged that UofH interfered with any FMLA benefit to which Plaintiff was entitled.

As a result, Plaintiff has failed to state an FMLA interference claim under 29 U.S.C. § 2615(a), and that claim should be dismissed.

C.   Plaintiff Cannot Recover Punitive Damages.

In her prayer for relief, Plaintiff states that she is seeking punitive damages. [Compl. p. 10, Sect. VII.d.] However, Title VII clearly precludes punitive damage awards against governments and government agencies, such as a state university. *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)...."); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 465-66 (5th Cir. 2001) (holding that assessment of punitive damages in a Title VII claim against a sheriff constituted plain error and reversing the award); *Bates v. Univ. of Tex. Medical Branch*, 425 F.Supp. 2d 826, 840 (S.D. Tex. 2003) (dismissing Title VII claims for punitive damages against state university). Similarly, the FMLA does not allow for the recovery of punitive damages (or damages for emotional distress, for that matter); rather, only actual monetary losses may be recovered. *See* 29 U.S.C. § 2617(a)(1)(A)(i-iii); *Sturza v. Loadmaster Engineering, Inc.*, Civ. A. No. H-07-2500, 2008 WL 1967102, at *3 (S.D. Tex. May 1, 2008) (citing cases); *Oby v. Baton Rouge Marriott*, 329 F.Supp. 2d 772, 788 (M.D. La. 2004) ("the FMLA does not provide for the recovery of punitive damages or damages for emotional distress.").

Because punitive damages are not available under either of the two statutes relevant to this action, Plaintiff's claim for punitive damages should be dismissed.

## VI. CONCLUSION

For the foregoing reasons, UofH respectfully requests that this Court grant its Partial Motion to Dismiss; dismiss Plaintiff's Title VII religious discrimination claim, her FMLA interference claim, and her claim for punitive damages; and award UofH such further relief to which it is entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Darren G. Gibson
**DARREN G. GIBSON**
Attorney-In-Charge
Texas Bar No. 24068846
Southern District No. 1041236
Darren.Gibson@oag.state.tx.us
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Defendants' Partial Motion to Dismiss* was served via the *CM/ECF system* on February 15, 2012, to:

Katrina S. Patrick
Law Offices of Katrina S. Patrick
530 Lovett Street
Houston, Texas 77006
713.533.9607  Fax
*Attorney for Plaintiff*

/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Assistant Attorney General