**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NAJAT ELSAYED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3636 |
| | § | |
| THE UNIVERSITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is an employment discrimination case.  In October 2011, Najat Elsayed sued her former employer, the University of Houston ("UH"), asserting causes of action for sex and religious discrimination under Title VII, retaliation in violation of Title VII, interference under the Family Medical Leave Act ("FMLA"), and retaliation in violation of the FMLA.  Among other remedies, the complaint sought punitive damages "if applicable."  UH has moved to dismiss Elsayed's religious discrimination, interference, and punitive damages claims under Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry No. 7.)  Elsayed has responded.  (Docket Entry No. 10.)

Based on the pleadings, the motion and response, and the applicable law, this court grants the motion for partial dismissal.  The punitive damages claim is dismissed, without leave to amend, based on Elsayed's acknowledgment that she may not recover punitive damages on her claims.  The Title VII religious discrimination claim is dismissed, without leave to amend, based on Elsayed's statement that she is no longer pursuing that claim.  The FMLA interference claim is dismissed, with leave to file an amended complaint to attempt to state a viable interference claim no later than **August 3, 2012.**  The reasons for these rulings are explained below.

## I.      Background[1]

Najat Elsayed started working at UH as a financial aid officer in October 2007.  (Compl. ¶ 10.)  In May 2009, she informed the school she was pregnant.  (*Id.* ¶ 15.)  She alleges that after she told her supervisors about her pregnancy, her supervisors became hostile to her, repeatedly declining her requests for working from home.  (*Id.* ¶¶ 16-17.)

Elsayed went on maternity leave on December 15, 2009.  (*Id.* ¶ 24.)  While she was on leave, she heard from coworkers that her superiors were impatiently asking whether she had delivered the baby yet.  (*Id.* ¶ 25.)  She received a telephone call from her supervisor, Izzy Anderson, who allegedly "threatened that if she did not return to work early from leave, [she] would not have any opportunities in Anderson's unit and . . . would have to seek advancement opportunities in other units."  (*Id.* ¶ 27.)  Elsayed also alleges that another supervisor suggested during a staff meeting that UH start interviewing for Elsayed's position because she was not coming back.  (*Id.* ¶ 28.)

Elsayed returned from maternity leave in March 2010.  (*Id.* ¶ 29.)  She was reinstated to her pre-leave position, though she alleges that "management" "greeted [her] with hostilities" and refused to offer her a convenient and private room to pump breast milk.  (*Id.*)  Elsayed complained to "management and human resources about the maltreatment."  (*Id.* ¶ 31.)  She alleges that after these complaints, she was singled out for disciplinary action and that her relationships with her supervisor and others in management "grew more intense, rude and insulting."  (*Id.* ¶¶ 35-36)   She was suspended without pay and eventually fired on June 4, 2010.  (*Id.* ¶¶ 38-39.)

---

[1] The background facts are drawn from the complaint's factual allegations, which, if nonconclusory, this court must accept as true when ruling on a Rule 12(b)(6) motion.  *See Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011).

After obtaining a right-to-sue letter from the EEOC, Elsayed sued UH, asserting causes of action for sex discrimination, religious discrimination, and retaliation under Title VII, and for interference and retaliation under the FMLA.  In addition to other remedies, Elsayed sought punitive damages "if applicable."   UH has moved to dismiss Elsayed's religious discrimination, FMLA interference, and punitive damages claims.  (Docket Entry No. 7.)   UH argues that Elsayed failed to exhaust her administrative remedies with respect to the Title VII religious discrimination claim; that she failed to state an FMLA interference claim because she alleged she was reinstated to her prior position when she returned from maternity leave; and that neither Title VII nor the FMLA allows for the recovery of punitive damages.  In her response, Elsayed states that she is abandoning her religious discrimination claim and her prayer for punitive damages.  She argues that she has stated a viable FMLA interference claim based on allegations that, while she was on FMLA leave, her supervisors "impatiently" asked her peers if she had her baby, and that Anderson called her while she was on leave and threatened that she would not have advancement opportunities in Anderson's unit unless she promptly returned to work.  Elsayed has not alleged that Anderson's phone call caused her to return from maternity leave earlier than she would have otherwise returned or that her job was not waiting for her when she returned.

## II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id*.  The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III.   Analysis

### A.   The Religious Discrimination and Punitive Damages Claims

UH argues that the Title VII religious discrimination claim should be dismissed because Elsayed failed to exhaust her administrative remedies and that Elsayed may not recover punitive damages on any of her claims because neither the FMLA nor Title VII allows for their recovery.

4

Elsayed responds that she no longer wishes to pursue her religious discrimination claim and agrees that she may not recover punitive damages. Elsayed voluntarily dismisses the religious discrimination and punitive damages claims. Based on Elsayed's response, the motion to dismiss the religious discrimination and punitive damages claims is granted, without leave to amend.

### B.    The FMLA Interference Claim

The FMLA gives eligible employees an "entitlement" to twelve weeks of unpaid leave per year under certain circumstances, including the birth of a child. 29 U.S.C. § 2612(a)(1); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). To ensure this entitlement, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided," 29 U.S.C. § 2615(a)(1), including the right to reinstatement upon return from leave, 29 U.S.C. § 2614(a)(1). The term "interfering with" includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b); *Bell v. Dallas Cnty.*, 432 F. App'x 330, 334 (5th Cir. 2011) (citing *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050–51 (8th Cir. 2006)). To prevail on an interference claim, an employee must show either that she was denied her entitlement under the FMLA, or that an employer did not respect her entitlement. *Bell*, 432 F. App'x at 334 (citing *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005)).

UH argues that because Elsayed has alleged that she took her FMLA leave and was reinstated to her job when she returned, she has not alleged denial of an entitlement under the FMLA and therefore has not stated a viable interference claim. Citing *Bell*, Elsayed responds that her factual allegations give rise to a valid interference claim. Elsayed points to her allegations that when she went on maternity leave, her supervisors repeatedly and impatiently asked her coworkers whether she had delivered the baby and told her coworkers during a staff meeting that UH should

5

start interviewing for Elsayed's position because they did not think Elsayed was coming back. Elsayed also points to the phone call she received while she was on leave, during which Anderson allegedly told her that if she did not return early from leave, she would not have any advancement opportunities in Anderson's unit.

Under the case law, Elsayed's allegations, however sympathetic, do not state a viable cause of action for interference with FMLA rights. "With an interference claim, an employee must show that he was denied his entitlements under the FMLA, or, that an employer did not respect the employee's FMLA entitlements." *Bell*, 432 F. App'x at 334. To state an interference claim on which relief can be granted, a plaintiff must allege that she was denied leave or that she refrained from taking leave because of the employer's discouragement. *See De La Garza-Crooks v. AT&T*, No. 00-50969, 2001 WL 361099, at *1 (5th Cir. Mar. 22, 2001). In *De La Garza-Crooks*, the Fifth Circuit concluded that when a plaintiff receives the leave she requests and returns to the job she left, she suffers no FMLA injury and has no interference claim. *Id.* The court explained that even assuming that discouragement from using FMLA leave is sufficient to state an FMLA injury, the plaintiff must plead—and later present evidence—that she actually refrained from taking leave because of the employer's discouragement. *See id.*

Similarly, the Eighth Circuit upheld the grant of summary judgment to the employer when the employee received the full twelve weeks of FMLA leave, despite the employer's acts discouraging the employee from taking that leave:

> Quinn alleges that the district court erred in granting summary judgment in favor of the County on her FMLA interference claim because the court failed to adequately analyze her claim. Specifically, Quinn argues that the district court did not consider the fact that the County discouraged her from taking FMLA leave and refused her requests before approving them.

> Under the FMLA, employers are prohibited from interfering with, restraining, or denying an employee's exercise or attempted exercise of any right contained in the FMLA. 29 U.S.C. § 2615(a)(1). Quinn is right that FMLA interference includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave," as well as "manipulation by a covered employer to avoid responsibilities under [the] FMLA." 29 C.F.R. § 825.220(b). However, the employee must also show that the employer denied the employee entitlements under the FMLA. *Wisbey v. City of Lincoln, Neb.*, 612 F.3d 667, 675 (8th Cir.2010), *abrogated on other grounds by Torgerson*, 643 F.3d at 1042–43, 1058. Quinn does not contest the district court's finding that she received the full twelve weeks of FMLA leave to which she was entitled each year she requested it. *See* 29 U.S.C. § 2612(a)(1) (providing that eligible employees are entitled to twelve weeks of medical leave each year). Accordingly, summary judgment was properly granted on Quinn's FMLA interference claim.

*Quinn v. St. Louis Cnty.*, 653 F.3d 745, 753–54 (8th Cir. 2011).

Elsayed's factual allegations in her complaint do not raise a *Twombly/Iqbal* issue of insufficient pleading. The issue is whether, taking as true the nonconclusory allegations that her supervisors tried to discourage her from using all of her FMLA leave and pressured her to return to work early, she has stated a claim for FMLA interference on which relief can be granted. Elsayed has not alleged that she was denied her FMLA leave, that she refrained from taking the leave because of her supervisors' conduct, or that she returned early from leave because of her supervisors' statements before and during her maternity leave or because of Anderson's phone call. Without such allegations, Elsayed cannot stated a viable interference claim under the applicable case authority. UH's motion to dismiss the interference claim is granted.

## IV.    Conclusion

UH's motion to dismiss certain claims, (Docket Entry No. 7), is granted. The punitive damages claim is dismissed, without leave to amend, based on Elsayed's admission that she may not recover punitive damages on her claims. The Title VII religious discrimination claim is dismissed,

without leave to amend, based on Elsayed's statement that she is no longer pursuing that claim.  The

FMLA interference claim is dismissed, with leave to amend the complaint to attempt to state a viable

interference claim no later than **August 3, 2012.**

      SIGNED on July 11, 2012, at Houston, Texas.

                              Lee H. Rosenthal
                         United States District Judge